**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:19-cv-150-KDB**
**(5:18-cr-57-KDB-DCK-1)**

| | |
|---|---|
| **CURTIS LEE RUCKER, JR.,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019).

## I.  BACKGROUND

Petitioner pled guilty in the underlying criminal case to a single count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 in exchange for the Government's dismissal of a second count. (3:18-cr-57, Doc. Nos. 3, 15). Petitioner voluntarily entered into a Plea Agreement in which he admitted to being factually guilty of the offense as charged. (Id., Doc. No. 15 at 1) (Plea Agreement). The Plea Agreement contains express waivers of Petitioner's right to pursue a direct appeal and post-conviction remedies except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 15 at 4).

A United States Magistrate Judge conducted a thorough plea colloquy pursuant to Rule 11 during which Petitioner was represented by counsel. See (Id., Doc. No. 17). Petitioner stated under oath that he received a copy of the Indictment and discussed it with his attorney. (Id., Doc. No. 17 at 1). He confirmed that he fully understood the charges and his sentencing exposure. (Id., Doc.

1

No. 17 at 1). Petitioner had spoken to his attorney about how the U.S. Sentencing Guidelines might apply to his case, that the Court would not be able to determine the applicable Sentencing Guidelines range until after a Presentence Investigation Report ("PSR") had been prepared, and that he would still be bound by his plea and would not have the right to withdraw it even if the sentence was more severe than he expected or if the Court does not accept the Government's sentencing recommendation. (Id., Doc. No. 17 at 2). Petitioner acknowledged the rights he was waiving by pleading guilty, that the plea was freely and voluntarily entered, and that he was expressly waiving his appellate and post-conviction rights. (Id., Doc. No. 17 at 2-3). Petitioner had discussed with his attorney any possible defenses to the charges and that he was satisfied with counsel's services. (Id., Doc. No. 17 at 3). Petitioner also stated that he read, understood, and agreed with the Factual Basis that was filed as an attachment to his Plea Agreement. (Id., Doc. No. 17 at 3).

>The Factual Basis states, in pertinent part:
>
>On or about January 30, 2018, the defendant … possessed a firearm and ammunition at the Time Gas Station, located at 1205 E. Garner Bagnal Blvd. in Statesville, North Carolina. The Defendant was arrested after a domestic dispute where he pointed the firearm at a female and assaulted the female in the face with the firearm.
>
>The defendant …, on or about June 30, 2018, in Iredell County, within the Western District of North Carolina, and elsewhere, having been previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, in and affecting interstate commerce.
>…
>At the time of the incident, the defendant … was previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year.

(Id., Doc. No. 16 at 1).

The Magistrate Judge accepted Petitioner's plea after finding that the plea was knowingly and voluntarily entered, that Petitioner understood the charges, potential penalties, and

consequences of his plea, and that the plea was supported by an independent factual basis containing each of the elements of the offense to which he was pleading. (Id., Doc. No. 17 at 4).

The PSR identified the underlying felony conviction as possession of a firearm in Iredell County, case number 2014CRS4296, for which Petitioner was sentenced to 19-32 months in prison. (Id., Doc. No. 24 at ¶ 10). The PSR scored Petitioner's base offense level as 20 for a violation of § 922(g)(1). (Id., Doc. No. 24 at ¶ 16). Two levels were added pursuant to U.S. Sentencing Guidelines § 2K2.1(g)(4)(A) because a firearm was stolen. (Id., Doc. No. 24 at ¶ 17). Four more levels were added pursuant to § 2K2.1 because Petitioner used or possessed a firearm or ammunition in connection with another felony offense, *i.e.*, aggravated assault. (Id., Doc. No. 24 at ¶ 18). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 23. (Id., Doc. No. 24 at ¶¶ 23-27). The PSR's criminal history section scored 24 criminal history points and a criminal history category of VI. (Id., Doc. No. 24 at ¶¶ 51-52). The resulting advisory guidelines range was 92 to 115 months' imprisonment and between one and three years of supervised release. (Id., Doc. No. 24 at ¶¶ 87, 90). Neither party filed objections to the PSR. See (Id., Doc. No. 24 at 22).

The Court adjudicated Petitioner guilty of violating § 922(g)(1) and 924, adopted the PSR without change, and sentenced Petitioner within the advisory range to 96 months' imprisonment followed by three years of supervised release in a Judgment docketed on July 19, 2019. (Id., Doc. No. 27); see (Id., Doc. No. 28) (Statement of Reasons). Petitioner did not appeal.

Petitioner filed the instant *pro se* § 2255 Motion to Vacate on November 7, 2019[1] and it was docketed on November 13, 2019. He argues that his § 922(g) conviction is invalid pursuant to Rehaif because the Government failed to prove Petitioner's knowledge that he both possessed

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule).

3

a gun and belonged to the relevant category of persons barred from possessing a firearm, *i.e.*, that he was a convicted felon. Petitioner asks that the Court set aside, vacate, and correct his sentence.[2]

## II.     SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The Court has also determined that it can resolve the instant § 2255 Motion to Vacate without requiring a Response from the Government.

## III.     DISCUSSION

Petitioner claims that his § 922(g) conviction is invalid because the Government failed to prove his knowledge that he possessed a gun as well as his status as a convicted felon pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019).

A person who "knowingly violates" certain subsections of § 922, including § 922(g), "shall be" subject to penalties of up to 10 years' imprisonment. 18 U.S.C. § 924(a)(2). The text of § 922(g) in turn provides that it "shall be unlawful for any person ..., being an alien ... illegally or

---

[2] Petitioner neither argues that his plea was involuntary nor asks the Court to vacate his conviction.

4

unlawfully in the United States," to "possess in or affecting commerce, any firearm or ammunition." The United States recently held in Rehaif that, in a prosecution under §§ 922(g) and 924(a)(2), the Government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200.

Rehaif does not apply to Petitioner's case. The requirement of proof by the Government that a defendant knew he belonged to the relevant category of persons barred from possessing a firearm in Rehaif was in the context of a jury trial where the jury was instructed, over defendant's objection, that the United States was not required to prove that defendant knew of his status as an illegal alien that precluding him from possessing a firearm. By contrast, in the instant case, Petitioner was charged with "knowingly and unlawfully possess[ing] a firearm" in and affecting interstate commerce, and that he was "previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year…." (5:18-cr-57, Doc. No. 3 at 1). Petitioner freely and voluntarily pled guilty to that offense and "admit[ted] to being in fact guilty as charged…." (Id., Doc. No. 15 at 1); see Fed. R. Crim. P. 11 (addressing the requirements for considering and accepting a knowing and voluntary guilty plea).

"A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Petitioner's knowing and voluntary guilty plea to violating § 922(g) admitted all the elements of that offense, including the knowledge of his status as a convicted felon. Petitioner's reliance on Rehaif is therefore misplaced and the § 2255 Motion to Vacate will be denied. See, e.g., Brewster v. United States, 2019 WL 5076404 (W.D.N.C. Oct. 9, 2019) (denying petitioner's § 2255 claim that he was actually innocent of

5

violating § 922(g) based on Rehaif because petitioner pled guilty and thus admitted all the elements of the offense); see also United States v. Denson, 774 Fed. Appx. 184 (5th Cir. 2019) (concluding that no plain error occurred with regards to defendant's guilty plea to violating § 922(g)(1) because the record, including the PSR and factual resume, indicated that defendant had previously been convicted of a felony offense and thus there was a factual basis for defendant's knowledge that he was a felon); United States v. Rivers, __ Fed. Appx. __, 2019 WL 3526400 at *1 n.3 (4th Cir. Aug. 2, 2019) (noting that defendant's Rehaif argument on plain error review was "inapposite" because the record revealed the plea was knowingly and voluntarily entered with an understanding of its consequences and that the plea was supported by an independent factual basis).

### IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 18, 2019

Kenneth D. Bell
United States District Judge